**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| x | |
| : | |
| Levi Gurkov and Wendy Kates, individually on behalf of themselves and all others similarly situated, | : |
| : | Case No. |
| Plaintiffs, | : |
| v. | : |
| : | |
| Behr Process Corporation, | : | **CLASS ACTION COMPLAINT** |
| Defendant. | : | <u>**JURY TRIAL DEMANDED**</u> |
| : | |
| : | |
| : | |
| x | |

Plaintiffs, Levi Gurkov and Wendy Kates (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, allege the following upon information and belief, except for those allegations pertaining to Plaintiffs, which are based on personal knowledge:

<u>**NATURE OF THE ACTION**</u>

1.     This action seeks to remedy the deceptive and misleading business practices of Behr Process Corporation (hereinafter "Defendant" or "Behr") with respect to the marketing and sale of all Behr paints labeled or packaged with the "Paint & Primer In One" claim, including, but not limited to, Behr Premium Plus (including all finishes: flat, satin, eggshell, semi-gloss, and hi-gloss); Behr Premium Plus Ultra (including all finishes: flat, hi-gloss, semi-gloss, satin, eggshell, and matte); and Behr Marquee (including all finishes: flat, semi-gloss, satin, eggshell, and matte)  (hereinafter the "Products") throughout the States of New York and New Jersey and throughout the country.

1

2.      Defendant manufactures, sells, and distributes the Products with the claim that the Products consist of "Paint & Primer In One," i.e., that each container of the Products has both paint and primer in it, that there is no need to prime the surface prior to painting, and that the Products cover the surface in one coat.  However, Defendant's advertising and marketing campaign is false, deceptive, and misleading because the Products do not work as represented; they do not adequately cover and adhere to the surface without first separately applying primer, and they do not cover the surface in one coat.

3.      Plaintiffs and those similarly situated ("Class Members"), when purchasing the Products, relied on Defendant's misrepresentations that the Product, represented as "Paint and Primer in One," could cover the surface in one coat without the necessity of separately purchasing primer and applying primer to the surface before applying the paint.  In other words, the Products were marketed as saving the purchaser the additional cost, time and effort of going through the process of priming the surface before painting it.  Because this marketing claim was false, Plaintiffs and Class members were forced to incur additional money, time and effort in order to achieve a properly painted surface.  In addition, Plaintiffs and Class Members paid a premium for the Products over and above comparable products that did not make the "Primer and Paint in One" claim. Accordingly, Plaintiffs and Class Members suffered an injury in additional cost and time involved to obtain a properly painted surface, as represented by the Products' claims, as well as the amount of the price premium paid for the Products.

4.      Defendant's conduct violated and continues to violate New York General Business Law §§ 349 and 350, the New Jersey Consumer Fraud Act ("NJCFA") N.J.S.A., §56:8-1, *et seq.*, the California Consumer Legal Remedies Act ("CLRA") Cal. Civil Code, §1750, the California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code §17200, the California

2

False Advertising Law ("FAL") Cal. Bus. & Prof. Code §17500, and the consumer protection statutes of all 50 states, and the Magnuson-Moss Warranty Act.  Defendant breached and continues to breach its express and implied warranties regarding the Products.  Defendant has been and continues to be unjustly enriched.  Accordingly, Plaintiffs bring this action against Defendant on behalf of themselves and Class Members who purchased the Products during the applicable limitations periods (the "Class Period").

## JURISDICTION AND VENUE

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).  Plaintiff Gurkov is a citizen of the State of New York and resides in Nassau County.  Plaintiff Kates is a citizen of the state of New Jersey and resides in Camden County.  Defendant is a corporation with its principal place of business in Santa Ana, California, and is organized and existing under the laws of the State of California.  The amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

6.      This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York.

7.      Venue is proper because Plaintiff Gurkov and many Class Members reside in the Eastern District of New York, and throughout the State of New York.

## PARTIES

**Plaintiffs**

8.      Plaintiff Gurkov is an individual consumer who, at all times material hereto, was a citizen of Nassau County, New York.  During the Class Period, Plaintiff Gurkov purchased the Products in a Home Depot store located in Nassau County, New York.

9. Plaintiff Gurkov purchased the Products because he saw and read the labeling, which represented the Products as "Paint and Primer in One." Plaintiff Gurkov relied on Defendant's false, misleading, and deceptive representations that the Products are "Paint and Primer in One" and that they perform accordingly. Had Plaintiff Gurkov known the truth—that the representations he relied upon in making his purchases were false, misleading, and deceptive—he would not have purchased the Products or would not have purchased them at a premium price. As a result, Plaintiff Gurkov has suffered damages.

10. Plaintiff Kates is an individual consumer who, at all times material hereto, was a citizen of Camden County, New Jersey. During the Class Period, Plaintiff Kates purchased the Products at a Home Depot store located in Cherry Hill, New Jersey.

11. Plaintiff Kates purchased the Products because she saw and read the labeling, which represented the Products as "Paint and Primer in One." Plaintiff Kates relied on Defendant's false, misleading, and deceptive representations that the Products are "Paint and Primer in One" and that they perform accordingly. Had Plaintiff Kates known the truth—that the representations she relied upon in making her purchases were false, misleading, and deceptive— she would not have purchased the Products or would not have purchased them at a premium price. As a result, Plaintiff Kates has suffered damages.

**Defendant**

12. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business in Santa Ana, California. Defendant manufactures, markets, advertises and distributes the Products throughout the United States, including in New York and New Jersey. Defendant created and/or authorized the false, misleading and deceptive advertisements, packaging and labeling for the Products.

4

**FACTUAL BACKGROUND**

　　　13.　　As depicted below the Products' labeling prominently states that the Products consist of "Paint and Primer in One" and that the Products can cover the surface to be painted in one coat[1], without the necessity of separately purchasing and applying primer to the surface. But despite these representations, the Products do not work as represented and do not adhere to and cover the surface without first priming the surface.  Plaintiffs, prior to purchasing the Products, read and relied upon the aforementioned representations on the Products' labeling.



---

[1] As shown in the photo, the Behr Marquee product containers bore the additional representation, "One-Coat Hide Guaranteed."





14.   Defendant's representations that the Products are "Paint and Primer in One" are false, misleading, and deceptive because the Products do not work as represented and do not adhere to and cover the surface in one coat, without first priming the surface.  As a result of Defendant's misrepresentations, Plaintiffs and Class members were induced to pay a premium price for products that do not work as represented, and they were induced to incur the cost of separately purchasing primer to prime the surface and to incur additional money, time and effort in order to achieve a properly painted surface.  Given the Products' failure to perform as claimed and advertised, Defendant's representations that the Products are "Paint and Primer in One" are deceptive and misleading.

15.   Primer is a special coating used as a base coat to adhere to, seal, and prepare the surface to be painted; paint adheres well to the primer, but not to un-primed surfaces.  Primer is essential in order to paint unprimed surfaces, such as bare wood, metal, or plaster. In order to properly paint such surfaces, primer must first be applied and allowed to dry, before coats of finish paint can be applied. Even previously painted surfaces often need to be freshly primed in order to achieve adequate cover and adhesion, and to prevent subsequent peeling.

16.   Defendant's claim that the Products are "Paint and Primer in One" clearly and expressly represents to the purchaser that the Products can be used to paint any surface without the necessity of separately purchasing and applying primer, thus saving the purchaser money, time and effort.

17.   But the Products do not work as represented, and contrary to Defendant's claim on the label, they do not constitute "Paint and Primer in One."

18.   Independent testing of the Products was conducted on at least two different surfaces, with two different colors of the Behr Paint and Primer in One.  The testing revealed that one coat of the Product, applied according to Defendant's recommendations, did not properly adhere to either surface and showed significant bleed through after approximately one week of aging.

19.   Defendant's representations that the Products are "Paint and Primer in One" induced consumers, including Plaintiffs and Class Members, to incur additional expense, time, and effort to achieve a properly painted surface and to pay a premium to purchase the Products.  Plaintiffs and Class Members relied on Defendant's false and misleading misrepresentations in purchasing the Products at a premium price above comparable alternatives that are not represented to be "Paint and Primer in One."  If not for Defendant's misrepresentations, Plaintiffs and Class Members would not have been willing to purchase the Products or would not have been willing to purchase them at the

prices they paid.  Accordingly, they have suffered an injury as a result of Defendant's misrepresentations.

20.   Plaintiff Gurkov purchased the Product at a Home Depot store in Long Island, New York in 2016

21.   Plaintiff Kates made purchases of the Products at a Home Depot Store in Cherry Hill, New Jersey from approximately March, 2015 through approximately September, 2015.  Plaintiff Kates used the Product on various areas of her house, including her kitchen cabinets, an antique dining room table and chairs, and the interior trim of her house.  She hired professional painters to paint the kitchen cabinets and the interior trim, and she painted the dining room table and chairs herself.  The Product has completely failed; it is peeling off all of the woodwork, and she is experiencing bleed-through on some surfaces.  She has recently learned that she will have to replace her kitchen cabinets.

## CLASS ALLEGATIONS

22.   Plaintiffs bring this matter on behalf of themselves and those similarly situated.  As detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices.  Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

23.   The Class is defined as all persons who purchased the Products anywhere in the United States during the Class Period (the "Class").

24.   Plaintiffs also seek certification, to the extent necessary or appropriate, of a subclass of persons who purchased the Products in the State of New York at any time during the Class Period (the "New York Subclass").

25.  Plaintiffs also seek certification, to the extent necessary or appropriate, of a subclass of all persons who purchased the Products in the State of New Jersey at any time during the Class Period (the "New Jersey Subclass").

26.  The Class, the New York Subclass, and the New Jersey Subclass shall be referred to collectively throughout the Complaint as the Class.

27.  This action is properly brought and should be maintained as a class action under Fed. R. Civ. P. 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

28.  <u>Numerosity</u>:  Class Members are so numerous that joinder of all members is impracticable.  Plaintiffs believe that there are thousands of persons who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

29.  <u>Commonality</u>:  The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a.  Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all persons who purchased the Products;

    b.  Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

    c.  Whether Defendant made false and/or misleading statements to the Class and the public concerning the content of the Products;

    d.  Whether Defendant's false and misleading statements concerning the Products were likely to deceive the public;

e.   Whether Plaintiffs and the Class are entitled to injunctive relief;

f.   Whether Plaintiffs and the Class are entitled to money damages under the same causes of action as the other Class Members.

30.   Typicality:  Plaintiffs are members of the Class; Plaintiff Gurkov is a member of the New York Subclass, and Plaintiff Kates is a member of the New Jersey Subclass.  Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive and misleading conduct and purchased the Defendant's Products.  Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

31.   Adequacy:  Plaintiffs are adequate Class representative because their interests do not conflict with the interests of the Class Members they seek to represent; their claims are common to all members of the Class and they have a strong interest in vindicating their rights; they have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action.  Plaintiffs have no interests which conflict with those of the Class.  The Class Members' interests will be fairly and adequately protected by Plaintiffs and their counsel.  Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiffs and the Class Members.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

32.   The Class is properly brought and should be maintained as a class action under Fed. R. Civ. P. 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.

11

33. <u>Superiority</u>:  A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

    c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e.  Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f.  This class action will assure uniformity of decisions among Class Members;

    g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

     i.   It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's uniform false advertising to purchase its products as being all natural.

34.   Accordingly, this action is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

<b><u>INJUNCTIVE CLASS RELIEF</u></b>

35.   Fed. R. Civ. P. 23(b)(1) and (2) contemplate a class action for purposes of seeking class-wide injunctive relief.  Here, Defendant has engaged in conduct resulting in misleading consumers about the properties and performance of the Products.  Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently, injunctive relief on a class-wide basis is a viable and suitable solution to remedy Defendant's continuing misconduct.

36.   The injunctive Class is properly brought and should be maintained as a class action under Fed. R. Civ. P. 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

     a.   <u>Numerosity</u>:  Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Products have been purchased by thousands of people throughout the United States;

     b.   <u>Commonality</u>:  Questions of law and fact are common to members of the Class.  Defendant's misconduct was uniformly directed at all consumers.  Thus, all members of the Class have a common cause against Defendant to stop its misleading conduct through an injunction.  Since the issues presented by this

13

injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class.  Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

 i. Resolution of the issues presented in the 23(b)(3) class;

 ii. Whether members of the Class will continue to suffer harm by virtue of Defendant's deceptive product marketing and labeling; and

 iii. Whether, on equitable grounds, Defendant should be prevented from continuing to deceptively mislabel its Products as being "Paint and Primer in One."

c. <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the injunctive Class because their claims arise from the same course of conduct (*i.e.*, Defendant's deceptive and misleading marketing, labeling, and advertising practices).  Plaintiffs are typical representatives of the Class because, like all members of the injunctive Class, they purchased Defendant's Products which were sold unfairly and deceptively to consumers throughout the United States.

d. <u>Adequacy</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the injunctive Class.  Their claims are common to all members of the injunctive Class and they have a strong interest in vindicating their rights.  In addition, Plaintiffs and the Class are represented by counsel who are competent and experienced in both consumer protection and class action litigation.

37.  This action is properly brought and should be maintained as a class action under Rule 23(b)(2) because Plaintiffs seek injunctive relief on behalf of the Class Members on grounds

generally applicable to the entire injunctive Class.  Certification under Rule 23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (*i.e.*, Defendant has marketed its Products using the same misleading and deceptive labeling to all of the Class Members).  Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendant would be prevented from continuing its misleading and deceptive marketing practices and would be required to honestly disclose to consumers the nature of the contents of its Products.

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
**(On Behalf of Plaintiff Gurkov and All New York Subclass Members)**

38.  Plaintiff Gurkov repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

39.  New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

40.  The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff Gurkov and the New York Subclass Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining it from inaccurately describing, labeling, marketing, and promoting the Products.

41.  There is no adequate remedy at law.

42.  Defendant misleadingly, inaccurately, and deceptively presents its Products to consumers.

15

43.   Defendant's improper consumer-oriented conduct—including labeling and advertising the Products as being "Paint and Primer in One"—is misleading in a material way in that it, *inter alia*, induced Plaintiff Gurkov and New York Subclass Members to purchase and pay a premium for Defendant's Products and to use the Products when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

44.   Plaintiff Gurkov and the New York Subclass Members and all consumers nationwide have been injured inasmuch as they purchased products that were not-contrary to Defendant's representations - "Paint and Primer in One," because they incurred expense, time and effort that they would not have incurred if the Products were as represented and paid a premium for the purchase of the Products.  Accordingly, Plaintiff Gurkov and the New York Subclass Members received less than what they bargained and/or paid for.

45.   Defendant's advertising and Products' packaging and labeling induced Plaintiff Gurkov and New York Subclass Members to buy Defendant's Products and to pay a premium price for them.

46.   Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff Gurkov and the New York Subclass have been damaged thereby.

47.   As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and New York Subclass Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

16

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 350
### (On Behalf of Plaintiff Gurkov and New York Subclass Members)

48.  Plaintiff Gurkov repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

49.  N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

50.  N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

51.  Defendant's labeling and advertisements contain untrue and materially misleading statements concerning Defendant's Products inasmuch as they misrepresent that the Products are "Paint and Primer in One."

52.  Plaintiff Gurkov and the New York Subclass Members have been injured inasmuch as they purchased products that were not—contrary to Defendant's representations - "Paint and Primer in One," because they incurred expense, time and effort that they would not have incurred if the Products were as represented and paid a premium for the purchase of the Products.  Accordingly, Plaintiff Gurkov and the New York Subclass Members received less than what they bargained and/or paid for.

53.   Defendant's labeling and advertising for the Products induced Plaintiff Gurkov and New York Subclass Members to buy the Products.

54.   Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

55.   Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

56.   Defendant made the material misrepresentations described in this Complaint on the Products' packaging and labeling and in advertising for the Products.

57.   Defendant's material misrepresentations were uniform in content, presentation, and impact upon consumers at large, including Plaintiff Gurkov and New York Subclass members, and the claim, "Paint and Primer in One" or "One-coat hide guaranteed" appeared on every container of the Products sold to Class Members during the Class Period.  Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

58.   As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff Gurkov and New York Subclass Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. §56:8-1 *et seq.*)**
**(On behalf of Plaintiff Kates and New Jersey Class Members)**

59.   Plaintiff Kates repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

60.   Behr affirmatively misrepresented on each container of the Products that the paint in each such container consisted of "Paint and Primer in One."

61.   The Products did not in fact consist of Paint and Primer in One, and did not function as such, as they did not eliminate the need for Products' users to separately purchase and apply primer to the surface, prior to applying the finish paint.

62.   Behr's claims were thus false, misleading and deceptive.

63.   Behr's affirmative misrepresentations constituted an unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation as to the nature of the Products, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2.

64.   Plaintiff Kates and New Jersey Subclass members suffered ascertainable losses (within the meaning of N.J.S.A. 56:8-19) caused by Behr's misrepresentations because they purchased products that were not—contrary to Behr's representations - "Paint and Primer in One," because they incurred expense, time and effort that they would not have incurred if the Products were as represented and paid a premium for the purchase of the Products.

65.   Accordingly, Plaintiff Kates and the New Jersey Subclass Members received less than what they bargained and/or paid for.

66.   The Products, which were designed, manufactured, advertised, marketed, and sold by Behr, are considered "merchandise" within the meaning of N.J.S.A. §56:8-1(c), and Plaintiff Kates and the New Jersey Subclass members are "persons" and "consumers" within the meaning of N.J.S.A. §56:8-1(d) such that they demand judgment against Behr for the statutory remedies made available under the New Jersey Consumer Fraud Act and such additional relief as the Court may deem appropriate or to which Plaintiff Kates and the New Jersey Subclass members may be entitled, pursuant to N.J.S.A. § 56:8-19.

67.   Plaintiff Kates and the New Jersey Subclass members further seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the New Jersey Subclass members will be irreparably harmed unless the unlawful actions of Behr are enjoined, in that Behr will continue to falsely and misleadingly market and advertise and represent on the Products' labeling that the Products

constitute Paint and Primer in One.  Towards that end, Plaintiff Kates and the New Jersey Subclass members request an order granting them injunctive relief requiring Behr to stop falsely representing the Products as "Paint and Primer in One" ant to provide corrective disclosures and/or disclaimers on the labeling and advertising of the Products.

68.   In this regard, Behr has violated, and continues to violate, the New Jersey Consumer Fraud Act, which makes deception, fraud, false promise, and/or misrepresentation of goods unlawful.  As a direct and proximate result of Behr's violation of the New Jersey Consumer Fraud Act, as described above, Plaintiff Kates and the New Jersey Subclass members have suffered damages, as set forth above.

<u>FOURTH CAUSE OF ACTION</u>
<u>VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CAL. CIVIL CODE, §1750)</u>
<u>(On behalf of Plaintiffs and all Class Members)</u>

69.   Plaintiffs repeat and reallege each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

70.   The California Consumer Legal Remedies Act, Cal. Civil Code, §1750, protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with the sale of any merchandise.

71.   Plaintiffs and members of the Class are "consumers" as defined by Cal. Civil Code, § 1761(d) because they sought or acquired the Products for personal, family, or household purposes.

72.   The Products are "goods" within the meaning of Cal. Civil Code, § 1761(a) as they are tangible chattels bought for personal, family, or household purposes.

73.   Defendant manufactured, licensed, distributed, marketed and sold the Products as constituting "Paint and Primer in One," when, in fact, the Products cannot be used without first separately applying primer to the surface to be painted. Such conduct constitutes a violation of the California Consumer Legal Remedies Act as specified herein.

74. Defendant's conduct violated and continues to violate the Consumer Legal Remedies Act by engaging in the following practices proscribed by Cal. Civil Code, §1770(a), subsections (2), (5), (7), and (9), respectively, in transactions with Plaintiffs and members of the Class, which were intended to result in, and did result in, the sale of the Products in that Defendant: misrepresented the source, sponsorship, approval, or certification of goods or services; misrepresented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have; represented that goods or services are of a particular standard, quality, or grade if they are of another; and advertised goods or services with intent not to sell them as advertised.

75. Plaintiffs and the Class reasonably relied upon and were deceived by Defendant's representations that the Products constituted paint and primer in one, and that they could be applied and would cover the surface in one coat, without the necessity of separately purchasing and applying primer.

76. Pursuant to Cal. Civil Code §1782(d), Plaintiffs, on behalf of themselves and the Class, seek a Court order enjoining Defendant from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendant, including requiring Defendant to cease mislabeling of the Products as consisting of paint and primer in one.

77. Plaintiffs sent a written demand to Defendant on behalf of themselves and members of the Class, pursuant to Cal. Civil Code § 1782(a) more than thirty days ago. Defendant has failed to make an appropriate correction, repair, replacement or other remedy within 30 days of the demand or within a reasonable time. Plaintiffs, on behalf of themselves and the Class, are therefore entitled to maintain an action for damages under Sections 1780 and 1781. Plaintiffs, on behalf of themselves and the Class, request actual damages, restitution, punitive damages, injunctive relief and other relief that the Court deems proper, and reasonable attorneys' fees and costs, as permitted by Cal. Civil Code §§ 1780 and 1782.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW (CAL. BUS. &**
**PROF. CODE, §17500)**
**(On Behalf of Plaintiffs and all Class Members)**

78.   Plaintiffs repeat and reallege each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

79.   The California False Advertising Law, Business and Professions Code §17500, prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

80.   Defendant's acts and practices violated Cal. Business and Professions Code §17500, *et seq*.  Defendant disseminated untrue and misleading statements to Plaintiffs and members of the Class by mislabeling the products as "Paint and Primer in One."

81.   Defendant's statements were untrue and misleading in material respects because Plaintiffs and the Class would not have purchased the Products, or they would have paid less for the Products had they known that the Products did not constitute paint and primer in one and that they could not be applied without first applying a separate coat of primer.

82.   Defendant's claims and representations on the Products' labeling had the capacity, likelihood and tendency to deceive and confuse consumers (including Plaintiffs and Class members) into believing that the Products worked as paint and primer in one.

83.   Defendant, as the manufacturer and designer of the Products and their labeling and packaging, knew or should have known, with the exercise of reasonable care, that the Products do not work as paint and primer in one, without separately applying a coat of primer prior to painting and that consumers would be misled into believing that the Products consisted of paint and primer in one. Therefore, Defendant knew or should have known that its statements were untrue and misleading.

84.   Plaintiffs and members of the Class were induced to purchase and/or pay a price premium for the Products based on Defendant's untrue and misleading statements.

85.  Plaintiffs and members of the Class were aware of, and reasonably relied on Defendant's untrue and misleading statements.

86.  Defendant disseminated untrue and misleading statements about the ingredients and quality of the Products with the intent not to sell them as advertised.

87.  Pursuant to Cal. Business and Professions Code, §17535, Plaintiffs, on behalf of themselves and the Class, seek restitution and a Court order enjoining Defendant from such future conduct and any other such orders as may be necessary to rectify Defendant's mislabeling and false advertising, including requiring Defendant to cease misrepresenting that the products constitute "Paint and Primer in One."

88.  Plaintiffs bring this action as private attorneys general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and members of the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure § 1021.5 for bringing this action.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE, §17200)
## (On Behalf of Plaintiffs and all Class Members)

89.  Plaintiffs repeat and reallege each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

90.  Defendant's acts and practices as detailed herein constitute acts of unfair competition. Defendant has engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of Cal. Business & Professions Code, §§ 17200, *et seq*. Defendant need only violate one of the three prongs of the statute to be held strictly liable.

91.  Defendant has engaged in "unlawful" business acts and practices by manufacturing, promoting, and distributing the Products as constituting "Paint and Primer in One," when, in fact, the Products do not contain those ingredients and do not work as paint and primer in one. Defendant's business acts and practices violate the California False Advertising Law, Cal. Business and

Professions Code, §§ 17500, *et seq*. and the California Consumer Legal Remedies Act, Cal. Civil Code, §§ 1750, *et seq*., as alleged herein.

92.   Defendant's failure to comply with the above statutes constitutes an unlawful business act or practice.

93.   Cal. Business & Professions Code § 17200 also prohibits any "unfair business act or practice." As described above, Defendant has engaged in "unfair" business acts or practices in that it falsely labeled the Products as constituting "Paint and Primer in One," when, in fact, the products do not work as paint and primer in one.

94.   The gravity of the harm to Plaintiffs and members of the Class outweighs any arguable utility of Defendant's conduct. Plaintiffs' injuries are substantial, are not outweighed by any countervailing benefit to consumers or competition, and they are not injuries that consumers could have reasonably avoided.

95.   Defendant's conduct offends California public policy tethered to the California Consumer Legal Remedies Act, Cal. Civil Code §1750 and the California False Advertising Law, Cal. Business & Professions Code §17500, which are intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing of products.

96.   Defendant's actions are immoral, unethical, and/or unscrupulous, and offend established public policy, and have injured Plaintiffs and the Class.

97.   Section 17200 also prohibits any "fraudulent business act or practice." Defendant's conduct constituted "fraudulent" business acts or practices in that its conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely labeling the Products as constituting "Paint and Primer in One," when, in fact, they ae not.

98.   Plaintiffs and the Class were deceived by Defendant's representations as to whether the products constituted "Paint and Primer in One."

99.   Plaintiffs and the Class reasonably relied on Defendant's representations, as set forth in detail above.

100. Plaintiffs and the Class have suffered injuries as a direct and proximate result of the unlawful, unfair, and fraudulent business practices of Defendant in that they purchased products that they would not have purchased, or that they would have paid less for, had they known that the products did not constitute "Paint and Primer in One."

101. Pursuant to Cal. Business & Professions Code, § 17203, Plaintiffs, on their own behalf and on behalf of the Class, seek restitution and a Court order enjoining Defendant from such future conduct and any other such orders that may be necessary to rectify the unlawful, unfair, and fraudulent business practices of Defendant, including requiring Defendant to cease mislabeling the Products as constituting "Paint and Primer in One."

102. Plaintiffs bring this action as private attorneys general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and members of the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**SEVENTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Plaintiffs and All Class Members)**

103. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

104. Defendant provided  Plaintiffs and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the Products constituted "Paint and Primer in One."

105. The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

106. These affirmations of fact became part of the basis for the bargain and were material to the Plaintiffs' and Class Members' transactions.

107. Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy the Products.

108. Within a reasonable time after they knew or should have known of Defendant's breach, Plaintiffs, on behalf of themselves and Class Members, placed Defendant on notice of its breach, giving Defendant an opportunity to cure its breach, which it refused to do.

109. Defendant breached the express warranty because the Products do not work as "Paint and Primer in One."

110. As a direct and proximate result of Defendant's breach of express warranty, Plaintiffs and Class Members were damaged in the amount of the price they paid for the Products, in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE MAGNUSON-MOSS**
**WARRANTY ACT, 15 U.S.C. § 2301 *et seq.***
**(On Behalf of Plaintiffs and All Class Members)**

111. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

112. Plaintiffs bring this claim individually and on behalf of all members of the Class. Upon certification, the Class will consist of more than 100 named Plaintiffs.

113. The Magnuson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

114. The Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

115. Plaintiffs and other members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

116. Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

117. Defendant represented in writing that the Products consisted of "Paint and Primer in One."

118. These statements were made in connection with the sale of the Products and relate to the nature of the Products and affirm and promise that the Products are as represented and defect free and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

119. As alleged herein, Defendant breached the written warranty by selling consumers Products that are not "Paint and Primer in One."

120. The Products do not conform to the Defendant's written warranty and therefore violate the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.  Consequently, Plaintiffs and the other members of the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

<u>**NINTH CAUSE OF ACTION**</u>
<u>**BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY**</u>
**(On Behalf of Plaintiffs and All Class Members)**

121. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

122. Under the Uniform Commercial Code's implied warranty of merchantability, the Defendant warranted to Plaintiffs and Class Members that the Products are "Paint and Primer in One."

123. Defendant breached the implied warranty of merchantability in that the Products deviate from "Paint and Primer in One" claim on the label and product descriptions, and reasonable consumers expecting products that conform to their labels would not accept the Products if they knew that they did not actually work as "Paint and Primer in One."

124. Within a reasonable amount of time after the Plaintiffs discovered that the Products did not work as claimed, Plaintiffs notified the Defendant of such breach.

125. The inability of the Products to meet the label description was wholly due to Defendant's fault and without Plaintiffs' or Class Members' fault or neglect, and it was solely due to Defendant's manufacture and distribution of the Products to the public.

126. As a result of the foregoing, Plaintiffs and Class Members have been damaged in the amount paid for Defendant's Products, together with interest thereon from the date of purchase.

**TENTH CAUSE OF ACTION**
**COMMON LAW UNJUST ENRICHMENT**
**(On Behalf of Plaintiffs and All Class Members in the Alternative)**

127. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

128. Plaintiffs, on behalf of themselves and consumers nationwide, bring a common law claim for unjust enrichment.

129. Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling the Products while misrepresenting and omitting material facts.

130. Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling the Products at the expense of, and to the detriment or impoverishment of, Plaintiffs and Class Members, and to Defendant's benefit and

enrichment.  Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

131.  Plaintiffs and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Products, which were not as Defendant represented them to be.

132.  Under New York's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiffs' and Class Members' overpayments.

133.  Plaintiffs and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiffs as representatives of the Class under Fed. R. Civ. P. 23;

(b) Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct its practices and to comply with consumer protection statutes nationwide, including New York, New Jersey and California consumer protection laws;

(c) Awarding monetary damages, including treble damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiffs and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiffs' attorneys and experts, and reimbursement of Plaintiffs' expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated:  March 11, 2019

**THE SULTZER LAW GROUP, PC**

_____

Jason P. Sultzer
Adam Gonnelli
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

**PASTOR LAW OFFICE, LLP**
David Pastor (_pro hac vice_ application
to be submitted)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
dpastor@pastorlawoffice.com

_Counsel for Plaintiffs and the Class_